# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 25-0677V

| |
|---|
| GUZAL ASTANOVA, as parent and natural guardian of A.R., a minor,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. |

Chief Special Master Corcoran

Filed: March 19, 2026

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY, for Petitioner.*

*Emily Hanson, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On April 21, 2025, Guzal Astanova filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), on behalf of her minor child, A.R. Petitioner alleges that A.R. suffered a shoulder injury related to vaccine administration ("SIRVA") following Hepatitis A and HPV vaccinations received on July 26, 2024. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 21, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for A.R's SIRVA. On March 17, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $67,500.00 for pain and suffering plus $5,342.52 to satisfy a Medicaid lien. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award the following:**

- **A lump sum payment of $67,500.00, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner, Guzal Astanova, as guardian/conservator of the estate of A.R., and**

- **A lump sum payment of $5,342.52, representing compensation for satisfaction of the Commonwealth of Pennsylvania Medicaid lien, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to: Department of Human Services, Attn: Beth Ford, Bureau of Program Integrity, Division of Third Party Liability, Recovery Section, P.O. Box 8486, Harrisburg, PA 17105-8486.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| GUZAL ASTANOVA, as Parent and Natural Guardian of A.R., a Minor, | ) ) ) ) | |
| Petitioner, | ) ) | No. 25-677V |
| | ) | Chief Special Master Corcoran |
| v. | ) | ECF |
| | ) | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) | |
| | ) | |
| Respondent. | ) | |

**PROFFER ON AWARD OF COMPENSATION[1]**

On April 21, 2025, Guzal Astanova ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended, alleging that her minor child, A.R., suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") following hepatitis A and human papillomavirus ("HPV") vaccinations he received on July 26, 2024. Petition at 1 (ECF No. 1). On November 10, 2025, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury. ECF No. 17. On November 21, 2025, the Chief Special Master issued a Ruling on Entitlement finding that petitioner is entitled to vaccine compensation. ECF No. 20.

**I.    Items of Compensation**

Based on the evidence of record, respondent proffers that petitioner should be awarded the following:

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

A.      <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded **$67,500.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.      <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy the Commonwealth of Pennsylvania Medicaid lien in the amount of **$5,342.52**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Pennsylvania may have against any individual as a result of any Medicaid payments the Commonwealth of Pennsylvania has made to or on behalf of petitioner from the date of A.R.'s eligibility for benefits through the date of judgment in this case as a result of A.R.'s vaccine-related injury suffered on or about July 26, 2024, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.     **<u>Form of the Award/Recommended Payments</u>**

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following: [2]

A.   A lump sum payment of **$67,500.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Guzal Astanova, as guardian/conservator of the estate of A.R., for the benefit of A.R.[3]; and

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

[3] Petitioner represents that petitioner presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of A.R.'s estate under the laws of the Commonwealth of Pennsylvania.  Respondent will not make any payment until petitioner

B.  A lump sum payment of **$5,342.52**, representing compensation for satisfaction of the Commonwealth of Pennsylvania Medicaid lien, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to:

> Department of Human Services
> Attn:  Beth Ford
> Bureau of Program Integrity
> Division of Third Party Liability
> Recovery Section
> P.O. Box 8486
> Harrisburg, PA 17105-8486

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

---

provides respondent with documentation establishing that she has been appointed as the guardian/conservator of A.R.'s estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of A.R., any such payment shall be disbursed to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of A.R. upon submission of written documentation of such appointment to the Secretary.  Further, if guardianship is no longer required under the laws of the Commonwealth of Pennsylvania after A.R. has attained the age of majority, any such payment shall be paid to A.R. upon submission of written documentation of the termination of guardianship to the Secretary.

s/ EMILY M. HANSON
EMILY M. HANSON
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 430-4802
emily.hanson@usdoj.gov

DATED:  March 17, 2026

<u>CERTIFICATE OF SERVICE</u>

I certify that today, March 17, 2026, a copy of the foregoing pleading was served by electronic mail to Jimmy Zgheib at jim@vaccinelawyers.com.

<u>s/ Emily M. Hanson</u>

5